UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN RONNIE MILLER,

    Plaintiff,

v.

GENERAC POWER SYSTEMS,
INC. and DOOSAN
INFRACORE CO., LTD.,

    Defendants.
_____/

CASE NO. 15-CV-13256
HON. GEORGE CARAM STEEH

ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS CLAIMS
AS TIME-BARRED INTO MOTION FOR SUMMARY JUDGMENT

    Now pending before the court is a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and motion to dismiss the claims as time-barred under the applicable statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Doosan Infracore Co., Ltd. ("Doosan Korea"). The court's consideration of the statute of limitations defense turns on whether the notice identifying Doosan Korea as a non-party at fault was timely. In its motion, Doosan Korea argues its identity could have been discovered within the 91-day rule under MCL 2.1129(K)(3)(c) because its identify as the manufacturer of the component part in question was communicated to

- 1 -

plaintiff and defendant Generac Power Systems, Inc. ("Generac") beginning in November 2015 through a series of emails, phone calls, and requests. At the latest, Doosan Korea maintains that Generac knew that it was potentially liable when former defendant Doosan Infracore America Corporation produced an affidavit on May 5, 2016 establishing that Doosan Korea designed the component part. In support of this argument, Doosan Korea relies on the affidavit which it has attached as an exhibit. (Doc. 54, Ex. B).

Generally, the statute of limitations defense is a matter for summary judgment, but where the "allegations in the complaint affirmatively show that the claim is time-barred," dismissal under Rule 12(b)(6) may be appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). In deciding a motion to dismiss under Rule 12(b)(6), the court is limited to the allegations of the complaint and may not resort to matters outside the pleadings. *Rondigo LLC v. Township of* Richmond, 641 F.3d 673, 680 (6th Cir. 2011). Here, Doosan Korea seeks to rely on matters outside the pleadings to establish that plaintiff's claims are time-barred. Accordingly, the court must convert Doosan Korea's motion to dismiss based on the statute of limitations defense into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

Accordingly, IT IS ORDERED that plaintiff may respond to Doosan Korea's motion to dismiss based on the statute of limitations defense by submitting any pertinent matters outside the pleadings for the court's review on or before June 21, 2017. Should Doosan Korea wish to submit any additional matters outside the pleadings for the court's review, it may also submit any such materials on or before June 21, 2017. The hearing on Doosan Korea's motion (Doc. 48) remains June 29, 2017.

**IT IS SO ORDERED.**

Dated: June 13, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 13, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk