UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN RONNIE MILLER,

        Plaintiff,

v.

Case No. 15-CV-13256
HON. GEORGE CARAM STEEH

GENERAC POWER SYSTEMS,
INC. and DOOSAN INFRACORE
CO. LTD.,

        Defendants.

_____/

ORDER GRANTING DEFENDANT DOOSAN
INFRACORE CO. LTD.'S MOTION FOR SUMMARY
JUDGMENT OF TIME-BARRED CLAIMS (DOC. 48)

This is a products liability action arising out of a generator that backfired while plaintiff Glenn Miller was attempting to repair it, resulting in serious injury. Plaintiff alleges that a faulty service manual is to blame. Now before the court is defendant Doosan Infracore Co. Ltd.'s ("Doosan Korea") motion to dismiss the claims as time-barred and for lack of personal jurisdiction. Because Doosan Korea seeks to rely on matters outside the pleadings to establish its statute of limitations defense, the court converted the motion to dismiss into a motion for summary judgment

and allowed plaintiff to file matters outside the pleadings for the court's review (Doc. 55).  Despite this opportunity, plaintiff has failed to do so.  For the reasons set forth below, the court shall grant Doosan Korea's motion for summary judgment of time-barred claims, and shall not reach the personal jurisdiction issue.

## I. Factual Background

Plaintiff Glenn Ronnie Miller is a Michigan resident who owns and operates a company that sells, rents, and services generators. (Doc. 48 at 4). Defendant Doosan Korea is a Korean company with its principle place of business in Seoul, Republic of Korea. (Doc. 48 at 4). Doosan Korea negotiates and sells engines to Generac Power Systems Inc. in Korea and Wisconsin. (Doc. 48 at 5). Generac generators are produced using engines manufactured by Doosan Korea.

On October 12, 2012, plaintiff was servicing a generator in Southfield, Michigan (Doc. 48 at 4). Defendant Doosan Korea designed and manufactured the engine and service manuals for the subject generator. (Doc. 53 at 3). Plaintiff alleges that improper maintenance because of a defective service manual caused the engine to kickback during service. *Id.* The engine allegedly backfired, causing the plaintiff to be knocked off the

top of the generator to the ground below sustaining serious injury. (Doc. 48 at 4).

Plaintiff originally sued Generac and Doosan Infracore America Corporation ("DIA"). Plaintiff alleged that DIA manufactured the generator in question and was responsible for the service manual. However, on October 20, 2016, the parties stipulated to the dismissal of DIA because it was discovered that DIA was not the manufacturer or the author of the service manual. Generac then filed a motion to file a Notice of Non-Party Fault against Doosan Korea and plaintiff filed a motion to amend to name Doosan Korea as a defendant. (Doc. 35 and 36). The court granted the unopposed motions but noted that Doosan Korea retained the right to object to the timing of the Notice which was filed well outside the 91-day limitations period since the filing of defendant's first responsive pleading as required pursuant to MCR 2.112(K)(3)(c).

Because the Notice was filed outside the 91-day limitations period, the Notice was only timely if Doosan Korea's identify could not have been discovered sooner with reasonable diligence and allowing the late filed Notice would not prejudice the opposing party. In its pending motion, Doosan Korea has come forward with proofs demonstrating that Generac

and plaintiff knew of its identity at least four months before the Notice of Non-Party Fault was filed. Plaintiff has not submitted any proofs to the contrary despite the opportunity to do so.

## II. Analysis

### A. Converting Motion to Dismiss Into Motion for Summary Judgment.

Defendant originally filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based on a statute of limitations defense. Generally, the statute of limitations defense is a matter for summary judgment, but where the "allegations in the complaint affirmatively show that the claim is time-barred," dismissal under Rule 12(b)(6) may be appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). In deciding a motion to dismiss, the court is limited to the allegations of the complaint and may not resort to matters outside the pleadings. *Rondigo, L.L.C. v. Twp. of Richmond,* 641 F.3d 673, 680 (6th Cir. 2011). Here, Doosan Korea seeks to rely on matters outside the pleadings to establish that plaintiff's claims are time-barred. Accordingly, the court converted Doosan Korea's motion to dismiss based on the statute of limitations defense into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Thus, the court issued an order on June 14, 2017

allowing the parties to submit matters outside the pleadings for the court to review. Defendant has submitted supplemental documents in support of its statute of limitations defense (Doc. 56). Plaintiff and defendant Generac have not submitted any additional documents despite the opportunity to do so.

The court's consideration of the statute of limitations defense is considered under the standard of a motion for summary judgment. Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Ky. DOT*, 53 F.3d 146, 149 (6th Cir. 1995).

B.     **Standard of Law**

The standard for determining whether summary judgment is

appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270 (1968); *see also McLean v.*

*988011 Ont., Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### C. Plaintiff's Claims against Doosan Korea are Time-barred

Doosan Korea argues that the claims against it are time-barred because they were filed outside the applicable three year period of limitations which governs personal injury and products liability breach of warranty claims. Mich. Comp. Laws § 600.5805(10*)*; § 600.5805(13). The injury in this case occurred on October 12, 2012. Plaintiff moved to amend the Complaint on October 18, 2016 and amended the Complaint on December 5, 2016, well outside the three-year window. Plaintiff responds that the claims against Doosan Korea relate back to the filing of the original Complaint because plaintiff amended the Complaint based on Generac filing a Notice of Non-Party Fault.

Specifically, on November 16, 2016, the court granted Generac's motion for leave to file a Notice of Non-Party Fault against Doosan Korea

under Mich. Comp. Laws § 600.2957 and MCR 2.112(K). The court recognized that Michigan's procedures for filing a Notice of Non-Party Fault are a matter of state substantive law. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 545 (E.D. Mich. 2014) (citing *Bev. Distribs. v. Miller Brewing Co.*, 690 F.3d 788, 792 (6th Cir. 2012)). This is true because the state procedures for filing a Notice of Non-Party Fault are part and parcel of Michigan's statutory scheme of "fair share liability," and characterizing the rule as strictly procedural would "promote the very forum shopping an inequitable administration of the laws *Erie* sought to avoid." *Greenwich Ins. Co. v. Hogan*, 351 F. Supp. 2d 736, 739 (W.D. Mich. 2004) (collecting diversity cases adopting state procedural requirements for giving Notice of Non-Party Fault).

Michigan law provides that liability can be allocated to a non-party at the time of trial. In order to have the jury allocate liability to a non-party, however, a defendant must file a Notice of Non-Party Fault pursuant to MCR 2.112(K). Generally, such Notice must be filed within 91 days since the filing of the defendant's first responsive pleading, which did not occur in this case. MCR 2.112(K)(3)(c). But a later filing may be permitted upon a showing that the facts on which the Notice were based were not and could

not be known with reasonable diligence to the moving party, and the Notice does not result in unfair prejudice to the opposing party. Id. The court allowed Generac to add Doosan Korea as a non-party defendant in the absence of any objection, but noted that discovery in this matter closed on July 15, 2016, suggesting that discovery of Doosan Korea's role in this matter should have been discovered sooner. Although the court allowed Generac to file the late filed Notice of Non-Party Fault, the court noted that its order did not preclude Doosan Korea from objecting to the timing of the Notice in its responsive pleading. (Doc. 38 at 5). The court also permitted plaintiff to amend the Complaint as allowed under Michigan law which authorizes the amendment of a complaint after the identification of a non-party who may have been at fault. Mich. Comp. Laws § 600.2957(2) provides:

> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

*Id.* The rule extends the statute of limitations period for a party added based on the Non-Party Fault Rule, allowing it to relate

back to the filing of the original cause of action.

Accordingly, if the Notice of Non-Party Fault was properly filed, the Amended Complaint would relate back to the filing of the original Complaint and plaintiff's claims against Doosan Korea would be timely.  Unfortunately for plaintiff, the Notice of Non-Party Fault here must be stricken as untimely because Generac failed to file its Notice within a reasonable time after learning of Doosan Korea's identity, and thus, plaintiff's claims against Doosan Korea are time-barred.

Plaintiff's reliance on *United House of Prayer for All People v. United Bldg. Contractors, Inc.*, 428 F. Supp. 2d 688, 693 (E.D. Mich. 2006) is misplaced.  In that case, the court excused defendant's untimeliness in filing its Notice of Non-Party Fault because plaintiff articulated sufficient reasons as to why defendant's potential liability had not been previously discovered.   No such reasons have been articulated here.  In fact, the evidence is overwhelming that Generac should have known of the existence of Doosan Korea as early as November 30, 2015, when plaintiff's counsel sent the parties a photograph of the identification plate from the subject generator which conspicuously identifies Doosan Korea as the manufacturer.  (Doc. 56-2, 56-3).

Plaintiff's reliance on *Walker v. Nat'l Steel Corp.*, No. CIV. 04-60194, 2005 WL 2649294, at *2 (E.D. Mich. Oct. 14, 2005) is equally unavailing. In that case, the Non-Party at Fault Notice was filed within 91 days of defendant's first responsive pleading, and therefore, was valid. Here, the Notice was filed outside the 91-day window and although late discovery of the existence of a potentially liable defendant can extend the time limit, here the evidence is overwhelming that Doosan Korea's identity was known many months before the Notice was filed.

The court briefly summarizes the evidence which proves that plaintiff and Generac knew of the identity of Doosan Korea as much as ten months before the Notice of Non-Party Fault was filed, or at the very least, some four months before the Notice was filed. Doosan Korea has submitted the following significant proofs, among others: (1) on November 30, 2015, plaintiff's counsel sent the parties a photograph of the identification plate from the subject generator which conspicuously identifies Doosan Korea as the manufacturer; (2) on April 18, 2016, DIA's counsel spoke to plaintiff's counsel and requested its dismissal on the basis that Doosan Korea, not DIA, designed and manufactured the product and plaintiff's counsel requested an affidavit to that effect; (3) on May 5, 2016, DIA's counsel,

served the requested affidavit prepared by Tom Lattie who had served as Vice President of DIA, stating that the subject generator was designed and manufactured by Doosan Korea, who also drafted the service manual, and provided all parties with Doosan Korea's address. (Doc. 56).

Despite the fact that the court allowed Plaintiff additional time to submit matters outside the pleadings for the court's review, Plaintiff has not filed any response. Thus, Doosan Korea's proofs that it could have been identified long before the Notice of Non-Party Fault was filed stand unrefuted. The court cannot permit the late filed Notice because there has been no showing that Doosan Korea's identity could not be known much earlier with reasonable diligence. In addition, excusing the untimeliness of the Notice would result in unfair prejudice to Doosan Korea as it was named as a defendant over four years after the incident.

Statutes of limitations serve to protect defendants from stale claims, and to protect defendants from the injustice of defending claims where evidence may have been lost, memories failed, and witnesses have disappeared. *See Jacobs v. Baylor Sch.*, 957 F. Supp. 1002, 1008 (E.D. Tenn. 1996). Statutes of limitations serve to make "an end to the possibility of litigation after the lapse of a reasonable time." *Id.* (internal quotation

marks and citations omitted).  Given the equities here, it would be unfair to subject Doosan Korea to defend against stale claims where its identity could have been known much sooner.

MCR 2.112(K)(3)(c) allows the filing of a Notice of Non-Party Fault up to 91 days after defendant's first responsive pleading. Defendant Generac filed its first responsive pleading on October 22, 2015, and filed a Notice of Non-Party Fault naming Doosan Korea nearly a year later on September 22, 2016. The Notice came 336 days after Generac's Answer. MCR 2.112(K)(3)(c) also provides that the court can allow a late filing on a showing that facts to which the Notice is based on could not have been reasonably ascertained by the party and there is no unfair prejudice to the opposing party.  The Notice was filed 336 days after Generac's Answer, obviously well outside the 91-day period for filing such a Notice under MCR 2.112(K)(3)(c).  At the very latest, Generac can be held to be aware of Doosan Korea's potential liability on May 5th, 2016 when it was served with the affidavit of DIA's former Vice President of Finance, Tom Lattie. Viewing this evidence in the light most favorable to Generac, and using the May 5th date, Generac's Notice was filed at least 140 days after it received notification of Doosan Korea's potential liability. Neither Generac, nor

plaintiff, offered any evidence to explain this significant delay. Accordingly, the Amended Complaint adding Doosan Korea does not relate back to the filing of the original Complaint and plaintiff's claims against Doosan Korea are time-barred. Thus, Doosan Korea's motion for summary judgment is GRANTED.

### D. Personal Jurisdiction over Doosan Korea

Having decided that plaintiff's claims against Doosan Korea are time-barred, the court does not reach the issue of whether the court has personal jurisdiction over Doosan Korea. The court notes that the record was not sufficiently developed for the court to reach a final decision on this issue.

### III. Conclusion

This court GRANTS defendant Doosan Korea's motion for summary judgment of time-barred claims (Doc 48) and Doosan Korea is DISMISSED.

**IT IS SO ORDERED.**

Dated: July 11, 2017

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 11, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk